**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MaylaSaathi TILLACKDHARRY,<br><br>Plaintiff,<br><br>v.<br><br>John F. KERRY, in his official capacity as Secretary of State<br><br>Defendant. | No. 3:14-CV-611 (MPS) |

**MEMORANDUM OF DECISION**

Plaintiff MaylaSaathi Tillackdharry ("Ms. Tillackdharry"), proceeding *pro se*, brought this action on May 2, 2014 against Defendant, John Kerry, Secretary of State[1] ("Defendant"), alleging discrimination based on race, color, religion, and sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (Compl. [Dkt. # 1] at 3.) Defendant seeks dismissal of the complaint, or in the alternative, summary judgment [Dkt. # 14], on the grounds that Ms. Tillackdharry failed to timely exhaust her administrative remedies and failed to file her lawsuit within the statute of limitations. For the reasons that follow, the Court GRANTS in part and DENIES in part Defendant's motion for summary judgment.

## I. BACKGROUND

Viewed in the light most favorable to Ms. Tillackdharry, the record discloses the following material facts, which are undisputed unless otherwise noted. Ms. Tillackdharry worked as a Passport Specialist in Connecticut for the U.S. Department of State from March 18, 2007,

[1] In her complaint, Plaintiff named "Dept[.] of State" as the Defendant. Defendant moves to substitute Secretary of State, John Kerry, acting in his official capacity, as the defendant. When a federal employee brings an employment discrimination action, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). The head of the U.S. Department of State is Secretary of State John Kerry. The Court grants this motion, and directs the Clerk to amend the caption accordingly.

until she resigned, effective January 9, 2009. (Def.'s Ex. 1, Merit Systems Protection Board Form 185-1 [Dkt. # 14-4] at 3; Def.'s L.R. 56(a) Stmt. [Dkt. # 14-2] ¶¶ 1-4.)

Ms. Tillackdharry appealed her "involuntary resignation" to the Merit Systems Protection Board ("MSPB") on May 13, 2010. (Def.'s Ex. 1, MSPB Forms 185-1, 185-2, and 185-4A [Dkt. # 14-4] at 3.) She left unchecked the box on Form 185-2 in question 11 for "[f]ile a claim of prohibited discrimination," and checked only the box for "[f]ile a claim for harmful procedural error." (*Id.* at 4.)

Ms. Tillackdharry first contacted an Equal Employment Opportunity (EEO) Counselor in the State Department's Office of Civil Rights ("S/OCR") on July 21, 2012. (Def.'s Ex. 8 [Dkt. # 14-11] at 5-6.) She then filed a "Formal Complaint of Discrimination" with the S/OCR on October 1, 2012, alleging discrimination based on race and reprisal. (Def.'s Ex. 7 [Dkt. # 14-10] at 1-2.) Because Ms. Tillackdharry did not bring the matter to an EEO Counselor within 45 days of her resignation and did not establish a reason for extending the 45-day period, the S/OCR dismissed her "Formal Complaint of Discrimination" on November 27, 2012, for failure to exhaust administrative remedies. (Def.'s Ex. 8 [Dkt. # 14-11] at 1-2.) On November 14, 2013, the U.S. Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations affirmed the S/OCR's November 27, 2012, decision dismissing her complaint (the "EEOC Final Decision Letter"). (Def.'s Ex. 9 [Dkt. # 14-12] at 2, 4.) The EEOC Final Decision Letter included instructions for filing a civil action in federal district court and warned that the complaint must be filed within 90 calendar days from the date that Ms. Tillackdharry received the EEOC Final Decision Letter. (*Id.* at 3.) The EEOC Final Decision Letter also included a certificate of mailing stating that the EEOC Final Decision Letter was mailed to Ms. Tillackdharry on the same day (November 14, 2013), and for timeliness purposes, the EEOC "will presume that this decision was received within 5 calendar days after it was mailed." (*Id.* at 5.)

On August 9, 2011, Ms. Tillackdharry filed a *pro se* form complaint in the District of Connecticut alleging that the Department of State violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), by discriminating against her on the basis of race, color, religion, sex, and age. (3:11-cv-01249-RNC). The complaint was dismissed without prejudice because Ms. Tillackdharry failed to exhaust her administrative remedies before filing it. Ms. Tillackdharry filed the complaint in this action on May 2, 2014, alleging that Defendant violated Title VII by discriminating against her on the basis of race, color, religion, and sex. (Compl. [Dkt. # 1] at 1-3.) Specifically, Ms. Tillackdharry's complaint alleges that Defendant forced her to resign, failed to disclose her full employment rights, denied her due process, tampered with her caseload, falsified documents, and falsely accused her of wrongdoing without allowing her to defend herself. (*Id.* at 3.) Ms. Tillackdharry seeks backpay, reinstatement, and monetary damages. (*Id.* at 4-5.) Additional facts are set forth below in the discussion of the parties' arguments.

## II. <u>STANDARD</u>

Because Defendant's motion "explicitly sought summary judgment as an alternate form of relief to a Rule 12(b)(6) dismissal," Ms. Tillackdharry had notice that Defendant's motion could be converted to a motion for summary judgment. *Groden v. Random House, Inc.*, 61 F.3d 1045, 1053 (2d Cir. 1995). Moreover, Defendant's counsel certified that, on July 30, 2014, the Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment *As Required by Local Rule of Civil Procedure 56(b),* was served by e-mail on Ms. Tillackdharry [Dkt. # 14-3]. This notice complies with this Court's Local Rules and the Second Circuit's requirements for notice to *pro se* litigants.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (internal quotation marks and citation omitted). "Although all inferences must be drawn in favor of the nonmoving party, mere speculation and conjecture is insufficient to preclude the granting of the motion." *Harlen Associates v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Defendant argues that Mr. Tillackdharry's claims are time-barred because she failed to timely exhaust her administrative remedies. Federal employees must exhaust their administrative remedies prior to filing suit in federal court for employment discrimination under Title VII. *See* 42 U.S.C. § 2000e–16(c). Aggrieved federal employees "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Discrete acts of discrimination include termination or resignation. *Plant v. Deutsche Bank Sec., Inc.*, No. 07CIV3498AKH, 2007 WL 2187109, at *2 (S.D.N.Y. July 23, 2007). Ms. Tillackdharry resigned effective January 9, 2009, but she did not contact an EEO Counselor until more than three years later, on July 21, 2012. (Def.'s Ex. 8 [Dkt. # 14-11] at 6.)

An EEOC regulation allows for an extension of the 45–day time limit, however, when, among other reasons, "the individual shows that he or she was not notified of the time limits and

was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2).[2] This regulation suggests that "ignorance of the law is a defense of sorts—and government agencies are effectively placed on notice that it is in their institutional interest to notify employees of this limitations period." *Pauling v. Sec'y of Dep't of Interior*, 160 F.3d 133, 135-36 (2d Cir. 1998).

The Court reviews the S/OCR's Final Agency Decision with respect to the 45-day limit *de novo. See Childers v. U.S. Postal Serv.*, No. 01-CV-0586E(SC), 2003 WL 21383243, at *3 n.13 (W.D.N.Y. Apr. 15, 2003) (exercising *de novo* review of agency decision that plaintiff did not timely consult with EEO counselor). The S/OCR dismissed Ms. Tillackdharry's "Formal Complaint of Discrimination" on November 27, 2012, for failure to exhaust her administrative remedies. (Def.'s Ex. 8 [Dkt. # 14-11] at 1-2.) The S/OCR's Final Agency Decision attached, as an exhibit, one page of the S/OCR website from January 2011, and reasoned that Ms. Tillackdharry had constructive notice of the statute of limitations because:

> [t]he Office of Civil Rights has numerous posted notices of the EEO process on the portion of the Department of State's internet site dedicated to employment information. Even if you did not have actual knowledge of the 45-day limitation, you did have constructive notice of the EEO process sufficiently in advance of the alleged discriminatory personnel action. You fail to qualify for an extension of the 45-day period because you had constructive knowledge of the EEO process.

(*Id.* at 2.) The page of the website attached to the Final Agency Decision states that "[a]ny employee or applicant who believes he/she has been discriminated against on the basis of race, color, national origin, sex, age, disability, religion, sexual orientation, or reprisal for protected EEO activity *should* contact S/OCR or an EEO counselor within 45 calendar days of the alleged

[2] 29 C.F.R. § 1614.105(a)(2) provides, in relevant part:

> The agency or the Commission shall extend the 45–day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

discriminatory act." (Def.'s Ex. 8 [Dkt. # 14-11] at 28 (emphasis added).) Unlike 29 C.F.R. § 1614.105(a)(1), the website text states that the aggrieved person "should," instead of "must," initiate contact with an EEO counselor within 45 days of the discriminatory act. Thus, even if Ms. Tillackdharry had constructive notice of the 45-day time period, she may not have been aware that contacting an EEO counselor within 45 days was mandatory. *See e.g.*, *Pauling*, 160 F.3d at137 (Plaintiff's "admitted awareness that he was required to bring discrimination complaints to an EEO counselor does not, in any way, indicate that he was aware that he had to do so within 45 days . . . ."); *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1327 (10th Cir. 2002) (reversing dismissal of complaint and noting that "[w]hile the posters direct a[n] . . . employee to contact an EEO counselor within forty-five days, the posters do not state that the failure to do so will result in the loss of a claimant's ability to pursue relief."); *but see Pauling v. Sec'y of Dep't of Interior*, 960 F. Supp. 793, 805 (S.D.N.Y. 1997) ("Contrary to plaintiff's argument, the fact that the poster stated that employees 'should' contact an EEO counselor rather than 'must' does not suggest that this is insufficient notice."). Moreover, Ms. Tillackdharry resigned her employment in January 2009, not January 2011. The record does not reflect what, if any, text regarding the 45-day deadline appeared on the S/OCR website in January 2009. Thus, there is a genuine issue of material fact as to whether Ms. Tillackdharry was aware of the mandatory 45-day time limit for contacting an EEO counselor, and Defendant's motion for summary judgment is denied on this issue.

**B. Timeliness of Filing Complaint in District Court**

Under 42 U.S.C. § 2000e-5(f)(1),[3] an employee of a federal agency must file a civil action in U.S. District Court "[w]ithin 90 days of receipt of notice of final action . . . by the Equal

[3] 42 U.S.C.A. § 2000e-5(f)(1) provides, in relevant part:

Employment Opportunity Commission upon an appeal . . . on a complaint of discrimination based on race, color, religion, sex or national origin . . . ." 42 U.S.C. § 2000e-16(c). "The Second Circuit has interpreted Section 2000e–5(f)(1) to mean that a plaintiff must initiate a Title VII lawsuit within 90 days of *receiving* the EEOC's 'right to sue' letter." *Everson v. New York City Transit Auth.*, 216 F. Supp. 2d 71, 77 (E.D.N.Y. 2002). "Normally it is assumed that a mailed document is received three days after its mailing. And normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996) (internal citations omitted). "If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Id.* at 526. "Similarly, an affidavit by the claimant stating that she never received the right-to-sue letter sent by the EEOC may rebut the presumption of receipt." *Greenidge v. Ben Hur Moving & Storage, Inc.*, No. 02-CV-1635 (ERK), 2002 WL 1796812, at *3 (E.D.N.Y. Aug. 6, 2002).

On November 14, 2013, the U.S. Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations affirmed the S/OCR's final decision in Ms. Tillackdharry's appeal (the "EEOC Final Decision Letter"). (Def.'s Ex. 9 [Dkt. # 14-12] at 2, 4.) The EEOC Final Decision Letter included instructions for filing a civil action in federal district court and warned that the complaint had to be filed within 90 calendar days from the date that the plaintiff received

---

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . whichever is later, the Commission has not filed a civil action under this section . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . .

the EEOC Final Decision Letter. (*Id.* at 3.) The EEOC Final Decision Letter also included a certificate of mailing stating that the decision was mailed to Ms. Tillackdharry on the same day (November 14, 2013), and that the EEOC "will presume that this decision was received within 5 calendar days after it was mailed." (*Id.* at 5.) Because the certificate of mailing specified a five-day presumption, the court uses the five-day presumption instead of the three-day presumption. *See Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 171 (D.D.C. 2011) (applying the five-day presumption when "the certificate of mailing accompanying plaintiff's right-to-sue letter specified the presumptive date of receipt as five days after the decision was mailed."). Five calendar days after November 14, 2013 is November 19, 2013. Thus, for timeliness purposes, Ms. Tillackdharry is presumed to have received the EEOC Final Decision Letter, or "right-to-sue letter," by November 19, 2013. Applying the 90-day statute of limitations, Ms. Tillackdharry was required to file this action by February 18, 2014. Ms. Tillackdharry filed her complaint in U.S. District Court on May 2, 2014, which was well over 90 days after she was presumed to have received the EEOC Final Decision Letter.

Ms. Tillackdharry, however, claims that she never received the EEOC Final Decision Letter ("right-to-sue" letter). She did not attach a copy of this EEOC Final Decision Letter to her complaint.[4] (Compl. [Dkt. # 1] ¶ 11.) She also stated in her complaint that she had "filed with [the EEOC]" but had "not heard back from them": "I have tried emailing, calling, and standard mail; but, I have not gotten a response." (*Id.* ¶ 12.)

[4] Ms. Tillackdharry used a form complaint for employment discrimination. In paragraph 10, she checked a box indicating that she had filed charges with the EEOC. (Compl. [Dkt. # 1] ¶ 10.) Paragraph 11 instructs the plaintiff to attach a copy of the EEOC Notice of Right to Sue letter and fill in a blank with the date she received the letter. (*Id.* ¶ 11.) The form complaint states that if the plaintiff filed charges with the EEOC, he or she "**MUST** attach a copy of the Notice of Right to Sue letter . . . ." (*Id.*) Ms. Tillackdharry did not attach any EEOC Notice of Right to Sue letter to the complaint and left blank the space in paragraph 11 for listing the date of receipt. (*Id.*)

"To be admissible in a summary judgment proceeding, an affidavit must be sworn to before an officer authorized to administer oaths, such as a notary public." *Jean v. Acme Bus Corp.*, No. CV 08-4885 ARL, 2012 WL 4171226, at *5 (E.D.N.Y. Sept. 19, 2012). Under 28 U.S.C. § 1746, a court may consider, as evidence, an unsworn declaration, if it is appears in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." The last page of Ms. Tillackdharry's form complaint is titled, Declaration Under Penalty of Perjury, and it states, "[t]he undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621." (Compl. [Dkt. # 1] at 6.) Ms. Tillackdharry's signature appears below this text, which complies with the requirements of 28 U.S.C. § 1746. Thus, Ms. Tillackdharry's statements in her complaint that she never received a response from the EEOC are admissible to rebut the presumption that she received the right-to-sue letter on November 19, 2013. Accordingly, there is a genuine issue of material fact regarding whether Ms. Tillackdharry's complaint was timely filed, and Defendant's motion for summary judgment is denied on this issue.

**C. Religion and Sex Discrimination Claims**

Defendant argues that Ms. Tillackdharry's claims regarding discrimination based on religion and sex must be dismissed because she failed to raise them during the administrative process. The S/OCR's Formal Complaint of Discrimination asked Ms. Tillackdharry "[w]hy do you believe you were discriminated against?" In response, she checked the boxes for race and reprisal only, and did not check the boxes for religion, color, sex, or national origin. (Def.'s Ex. 7 [Dkt. # 14-10] at 1-2.)

"A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993) (internal citations omitted), *superseded by statute on other grounds.* "Reasonably related conduct is that which would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 177 (2d Cir. 2005) (internal quotation marks and citations omitted).

In her October 1, 2012, Formal Complaint of Discrimination to the S/OCR, Ms. Tillackdharry did not allege any facts suggesting that Defendant discriminated against her based on religion or sex. (Def.'s Ex. 7 [Dkt. # 14-10] at 1-2.) Based on the information Ms. Tillackdharry provided, the EEO Counselor at the S/OCR could not have been expected to investigate discrimination based on sex and religion. *See Skeete v. IVF Am., Inc.*, 972 F. Supp. 206, 210 (S.D.N.Y. 1997) (dismissing plaintiff's claim of discrimination based on sex "because it asserts a different type of discrimination than was alleged in the Charge" and "cannot be considered reasonably related to the allegations in [the] Charge"); *Lamont v. Forman Bros., Inc.*, 410 F.Supp. 912, 917 (D.D.C.1976) (religion claim is not reasonably expected to grow out of investigation of race discrimination claim).

Ms. Tillackdharry has not exhausted her administrative remedies with respect to her claims for discrimination based on sex and religion, and the EEO Counselor at the S/OCR was not on notice of such claims. Thus, the Court GRANTS Defendant's motion for summary judgment on this issue, and dismisses Ms. Tillackdharry's claims for discrimination based on sex and religion.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part Defendant's motion for summary judgment [Dkt. # 14].

In the interests of judicial economy, discovery in this action will proceed in phases. During the first phase, discovery will be limited to the two issues as to which the Court has found issues of fact in this ruling, i.e., whether Plaintiff was actually or constructively aware of the 45-day requirement and when, if at all, Plaintiff received the right-to-sue letter. The first phase of discovery must be completed by July 31, 2015. On or before August 30, 2015, Defendant may move for summary judgment on either or both issues and any further discovery will be stayed pending the Court's ruling on that motion. Should the Defendant decide not to file a motion for summary judgment after the first phase, it shall so inform the Plaintiff and the Court by filing a notice so indicating on or before August 15, 2015. Should Defendant file such a notice, the parties shall complete all remaining discovery on or before December 31, 2015, and the parties shall file any dispositive motions by January 31, 2016.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
March 11, 2015