UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MaylaSaathi TILLACKDHARRY,<br><br>    Plaintiff,<br><br>    v.<br><br>John F. KERRY, in his official capacity<br>as Secretary of State<br><br>    Defendant. | No. 3:14-CV-611 (MPS) |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This is the Court's second ruling addressing exhaustion of administrative remedies in this Title VII employment discrimination case. In its prior ruling, the Court found that Plaintiff MaylaSaathi Tillackdharry had failed to contact an Equal Employment Opportunity (EEO) Counselor within the 45 days mandated by 29 C.F.R. §1614.105(a), but that there was an issue of material fact as to whether she had proper notice of the 45-day requirement. (ECF No. 17 at 4-6.) The Court instructed the parties to conduct discovery in phases, with the first phase limited to "whether Plaintiff was actually or constructively aware of the 45-day requirement" and a second timeliness issue. (*Id*. at 11.) The undisputed facts now establish that Ms. Tillackdharry did have constructive notice of the 45-day requirement through a bulletin board in one of the common areas of the office. Therefore, Defendant's Motion for Summary Judgment (ECF No. 52) is GRANTED.

   **I.   Background**

Ms. Tillackdharry worked as a Passport Specialist with the Connecticut Passport Agency of the U.S. Department of State from March 2007 until her resignation on January 9, 2009. (ECF

1

Nos. 52-4 at 6; 52-5 at 17.) Ms. Tillackdharry alleges that her resignation was involuntary and discriminatory, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (ECF No. 1 at 3.)

According to the declaration of the Connecticut Passport Agency's EEO Counselor, Denise Blount, from 2007-2009, the Agency "maintained a bulletin board with various EEO notices in the kitchen of [the] offices…. All Agency employees had access to and exposure to the contents of the EEO bulletin board by virtue of its prominent location." (ECF No. 52-6 at 38 ¶ 5.) Ms. Blount stated further that the bulletin board included a notice that "advised employees who wished to initiate an EEO complaint that they **must** do so by contacting an EEO counselor within 45 calendar days of the matter alleged to be discriminatory." (*Id.* at 38 ¶ 6 (emphasis in original).) In her deposition testimony, Ms. Tillackdharry stated that she "sometimes" went into the break room with the bulletin board but could not recall the contents:

> Q. When you worked for the passport agency – and I believe you mentioned this a little while ago – it was located in Norwalk at that time, right?
> A. Right.
> Q. That suite of offices had a kitchen area; is that right?
> A. Yeah, it had a break room, a lounge, like every office.
> Q. Okay. And did you have occasion to go in the break room?
> A. Sometimes.
> Q. Okay. Everybody went into the break room at some point or another, right?
> A. Yeah.
> Q. Okay. And would it be fair to consider that as a heavily trafficked area of the office, the break room?
> A. Kind of.
> Q. Okay.
> A. Yeah, it's like a normal part of the day.
> Q. All right. And there was a bulletin board in the break room, right?
> A. Yeah.
> Q. Okay. And the bulletin board had various notices on it, didn't it, about workplace safety –
> A. Yeah.
> Q. – non-discrimination, other workplace rules and law?
> A. Yeah. I didn't go into the break room that much. And I can't recall anything being on there. So, I mean, if you're asking me to recall a bulletin I seen about anything –

2

> Q. No I'm just asking you –
> A. I don't know.
> Q. There was a bulletin board in the break room, correct?
> A. I don't know. I think so.
> Q. Okay. And the bulletin board had notices on it, correct?
> A. I mean, I wouldn't go there for advice, like.
> Q. That's not what I'm asking you.
> A. I don't know. I think so.
> Q. Okay. And the bulletin board had notices on it, correct?
> A. I think so.

(ECF No. 52-6 at 30-31.) Ms. Tillackdharry also asserted in her brief opposing summary judgment that "Denise T. Blount never mentioned anything to the Plaintiff about the bulletin board in the breakroom nor did she offer any EEO Counseling or Advice." (ECF No. 53 at 5.)

On August 9, 2011, Ms. Tillackdharry filed a *pro se* complaint of employment discrimination in the District of Connecticut, which was dismissed without prejudice because Ms. Tillackdharry had failed to exhaust her administrative remedies before filing it. (3:11-cv-01249-RNC). Then, on July 21, 2012, over 3 years after her resignation, Ms. Tillackdharry contacted an EEO Counselor in the State Department's Office of Civil Rights for the first time. (ECF No. 14-11 at 5-6.) She filed a "Formal Complaint of Discrimination" on October 1, 2012. (ECF No. 14-10 at 1-2). On November 27, 2012, the State Department's Office of Civil Rights dismissed the complaint, and on November 14, 2013, the U.S. Equal Employment Opportunity Commission ("EEOC") affirmed that decision, citing the fact that Ms. Tillackdharry had not brought the matter to an EEO Counselor within 45 days of her resignation as required by law. (ECF Nos. 14-11 at 1-2; 14-12 at 2, 4.)

Ms. Tillackdharry initiated this action *pro se* on May 2, 2014. (ECF No. 1.) Defendant responded with a motion to dismiss, or in the alternative, summary judgment (ECF No. 14), which the Court granted in part and denied in part on March 11, 2015. (ECF No. 17.) On August

8, 2016, Defendant filed this new motion for summary judgment along with the Notice to Pro Se Litigant required by Local Rule 56(b). (ECF Nos. 52; 52-2.)

## II.    Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (internal quotation marks and citation omitted). "Although all inferences must be drawn in favor of the nonmoving party, mere speculation and conjecture is insufficient to preclude the granting of the motion." *Harlen Associates v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). The Court reviews the agency's decision with respect to the 45-day limit *de novo*. *See Childers v. U.S. Postal Serv.*, 2003 WL 21383243, at *2 n.13 (W.D.N.Y. Apr. 15, 2003) (exercising *de novo* review of agency decision that plaintiff did not timely consult with EEO counselor).

## III.   Discussion

Ms. Tillackdharry's claims are time-barred because she failed to exhaust administrative remedies. "Title VII plaintiffs must exhaust available administrative remedies in a timely fashion." *Pauling v. Sec'y of Dep't of Interior*, 160 F.3d 133, 133 (2d Cir. 1998) (internal quotation marks omitted). Aggrieved federal employees "must initiate contact with a Counselor

within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). It is clear that, in this case, the allegedly discriminatory and involuntary resignation occurred on January 9, 2009, and that Ms. Tillackdharry did not contact an EEO Counselor until more than three years later, on July 21, 2012, well beyond the 45-day period. (ECF Nos. 14-11 at 5-6; 52-5 at 17.)

However, "[t]he agency or the Commission shall extend the 45-day time limit," when, among other reasons, "the individual shows that he or she was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2). "[I]gnorance of the law *is* a defense of sorts-and government agencies are effectively placed on notice that it is in their institutional interest to notify employees of this limitations period." *Pauling*, 160 F.3d at 136 (emphasis in original). To establish this exception, the employee must demonstrate that she lacked both actual and constructive notice. *German v. Pena*, 88 F. Supp. 2d 216, 221 (S.D.N.Y. 2000) ("Notice is sufficient when it is reasonably geared to inform an employee that he must seek EEO counseling within 45 days of the alleged discrimination. Subjective ignorance alone will not necessarily entitle an employee to a waiver of time restrictions. Indeed, a plaintiff may not establish a failure of notice exception to the 45 day time limit merely because he chose not to acquaint himself with the substance of an EEO notification.") (internal citations omitted).

Ms. Tillackdharry asserts that she did not actually know about the 45-day requirement, but she has failed to rebut the Defendant's showing that she had constructive notice. The record shows that she sometimes went to a common room with an EEO bulletin board, and the bulletin board "advised employees who wished to initiate an EEO complaint that they **must** do so by contacting an EEO counselor within 45 calendar days of the matter alleged to be discriminatory." (ECF No. 52-6 at 30-31, 38 ¶¶ 5-6 (emphasis in original).) The fact that this information was

posted in a common area that Ms. Tillackdharry had access to during her employment is legally sufficient to establish constructive notice, regardless of whether she actually read the bulletin board. *See Dillman v. Combustion Eng'g, Inc.*, 784 F.2d 57, 60 (2d Cir.1986) ("a court can presume knowledge of statutory rights based on [posted] notices."); *German*, 88 F. Supp. at 221 ("an EEO poster informing employees of applicable deadlines and procedures was displayed on the floor where plaintiff's office was located... plaintiff necessarily passed the sign every day on the way to his office, and, indeed, plaintiff himself recalled seeing the EEO sign. While plaintiff denies knowledge of the sign's content… [that is] legally insufficient to warrant an exception to the normal 45 day requirement."); *Janneh v. Runyon*, 932 F. Supp. 412, 417 n.5 (N.D.N.Y. 1996) ("Display of these posters is sufficient to place plaintiff on constructive notice of these requirements. The Postal Service is not required to provide each person with personal notice of his or her rights.") The failure of notice exception under 29 C.F.R. § 1614.105(a)(2) therefore does not apply.

Nor has Ms. Tillackdharry established any other regulatory or equitable basis for extending the 45-day deadline. 29 C.F.R. § 1614.105(a)(2) provides that, in addition to the failure of notice exception, the time limit shall be extended "when the individual shows… that that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." But Ms. Tillackdharry knew that she had resigned (ECF No. 52-5), and there is no evidence that she was prevented from contacting an EEO Counselor. Further, to determine whether to apply equitable tolling, "a district court must consider whether the person seeking application of the

equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003) (internal citation and quotation marks omitted). Ms. Tillackdharry has not presented evidence of reasonable diligence or any extraordinary circumstance that would warrant equitable tolling in this case. Indeed, although she was notified that the failure to do so might result in a judgment against her (ECF No. 52-2), Ms. Tillackdharry did not submit any evidence in response to the motion for summary judgment—apart from an affidavit making the conclusory assertion that "[e]vidence does exist to contradict the Defendant's version." (ECF No. 56.)

### IV.     Conclusion

Defendant's Motion for Summary Judgment (ECF No. 52) is GRANTED on the ground that Ms. Tillackdharry did not exhaust her administrative remedies in time.  The Court does not reach Defendant's remaining arguments.

The case is DISMISSED. The Clerk is directed to close the case.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                November 14, 2016